**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4142**

_____

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

RUSTY MARK EDWARDS,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.    Gina M. Groh, District Judge. (3:12-cr-00042-GMG-DJJ-1)

_____

Submitted:  September 9, 2013          Decided:  September 13, 2013

_____

Before KEENAN, DIAZ, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Tracy Weese, Sheperdstown, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Jarod J. Douglas, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rusty Mark Edwards pled guilty in accordance with a written plea agreement to possession with intent to distribute crack cocaine. He was sentenced to sixty months in prison. Edwards now appeals. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning whether there were errors at the Fed. R. Crim. P. 11 hearing and at sentencing, but stating that there are no meritorious issues for appeal. Edwards has filed a pro se supplemental brief raising two issues. Finding no error, we affirm.

Our review of the transcript of Edwards' Fed. R. Crim. P. 11 hearing discloses that the district court substantially complied with the Rule, Edwards' guilty plea was knowingly and voluntarily entered, and there was a factual basis for the plea.[*] We accordingly affirm Edwards' conviction.

We review Edwards' sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United

---

[*] We find no merit to the arguments raised in the pro se brief. First, Edwards' valid guilty plea waives his right to challenge the validity of a search of his home. See Tollett v. Henderson, 411 U.S. 258, 267 (1973). Second, we reject Edwards' conclusory claim that his guilty plea was invalid because it was based in part on counsel's alleged assertion that Edwards would receive probation, not a term of imprisonment. Edwards' sworn representations at the Rule 11 hearing are at odds with this claim. See Blackledge v. Allison, 431 U.S. 63, 74 (1977).

States, 552 U.S. 38, 46, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. We first assess whether the district court properly calculated the advisory Guidelines range, considered the factors set forth at 18 U.S.C. § 3553(a) (2006), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-51; see United States v. Lynn, 592 F.3d 572, 575-76 (4th Cir. 2010). If there is no procedural error, we review the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence . . . satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

We conclude that Edwards' sentence is procedurally and substantively reasonable. The court correctly calculated Edwards Guidelines' range to be 87-108 months and adequately explained its reasons for imposing a variant sentence of sixty months-the statutory minimum. See 21 U.S.C. § 841(b)(1)(B) (2006).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Edwards' conviction and sentence. Counsel's motion to withdraw is denied at this time. This court requires

3

counsel, in writing, to inform Edwards of the right to petition the Supreme Court of the United States for further review. If Edwards requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Edwards. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED